# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### CIVIL ACTION NO. 1:07-CV-313-RJC-DCK

| | |
|---|---|
| CHARLES WILLIAM JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOYD BENNETT, Director, NC Department of )<br>Correction, et al., )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Motion For Summary Judgment By Defendants Bennett and Mitchell" (Document No.10); Plaintiff's "Motion For Summary Judgment" (Document No. 14); and "Defendant Robert Uhren, M.D.'s Motion For Summary Judgment..." (Document No. 22). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that this matter be <u>dismissed</u> for failure to prosecute.

*Pro se* Plaintiff Charles William Johnson ("Plaintiff" or "Johnson") filed a "Complaint Under The Civil Rights Act, 42 U.S.C. § 1983" (Document No. 1) in this action on September 27, 2007, essentially alleging that the Defendants had shown deliberate indifference to his health problems, including chronic itching and pain, and Hepatitis C. Defendants Bennett, Mitchell, and Uhren ("Defendants") filed Answers on November 5, 2007. (Document Nos. 8 and 9). Also on November 5, 2007, Defendants Bennett and Mitchell filed for summary judgment. (Document No. 10). On January 3, 2008, Plaintiff filed his "Motion For Summary Judgment" (Document No. 14),

and then on April 18, 2008, Defendant Uhren filed a "...Motion For Summary Judgment..." (Document No. 22).

On April 9, 2010, the Honorable Graham C. Mullen issued an "Order" (Document No. 29), which in pertinent part noted that Plaintiff had not responded to Defendants' qualified immunity arguments, and advised Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) of the "heavy burden that he carries in responding to Defendants' Motions."  Judge Mullen's "Order" allowed Plaintiff thirty (30) days to respond to the motions for summary judgment and warned that failure to respond might result in granting the motions and dismissing the Complaint with prejudice. (Document No. 29, p.4).  On April 21, 2010, Plaintiff filed a request seeking an extension of time as well as leave to amend his Complaint.  (Document No. 30).  On September 3, 2010, the undersigned issued an "Order" (Document No. 35) allowing the Plaintiff an extension of time to October 4, 2010, to respond to Defendants' motions for summary judgment and denying Plaintiff leave to amend the Complaint.

Plaintiff has still failed to respond to Defendants' motions, and the time to do so has lapsed. Based on the undersigned's most recent "Order" (Document No. 35), and Judge Mullen's prior "Order" (Document No. 29), and especially Plaintiff's failure to respond in over two years to Defendants' pending motions, the undersigned will recommend that this matter be dismissed for failure to prosecute.  The undersigned further notes that the record indicates that Plaintiff was released from the Bureau of Prisons on or about July 15, 2010, and has made no attempt to stay in touch with the Court or to update his contact information.  A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules Of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court.  Steed v. Morton, 2007 WL 3306779 at *2 (D.S.C. 2007)(citing Ballard v. Carlson, 882 F.2d 93 (4 Cir. 1989) cert. denied 493 U.S. 1084 (1990)).

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that this matter be **DISMISSED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for the parties, and the Honorable Robert J. Conrad Jr.

**IT IS SO RECOMMENDED**.

Signed: October 5, 2010

David C. Keesler
United States Magistrate Judge